IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | | |
|---|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | Case No.: | 06-CV-03237-WAK |
| THE FEDERAL INSURANCE COMPANY, | ) ) ) ) | | |
| Defendant. | ) ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FEDERAL INSURANCE COMPANY'S
MOTION TO EXCLUDE PLAINTIFF'S EXPERT'S OPINIONS**

**I.    INTRODUCTION**

This lawsuit involves a dispute between two insurance companies concerning payment of the settlement in a state court case, *Beverly Bottoms v. Staples, Inc.*, filed in Greene County, Missouri in 2001. In that case, Beverly Bottoms filed suit for bodily injury against defendant Staples, Inc. Both plaintiff and defendant in the present case insured Staples, Inc. Plaintiff American Home's policy was primary and had liability limits of $1,000,000.00, and defendant Federal had an excess policy of $50,000,000.00. Beverly Bottoms' case settled for $1,600,000.00. Plaintiff American Home paid $500,000.00 over its policy limits to fund the settlement because plaintiff's employees who agreed to the settlement mistakenly believed that American Home's policy limits were $1,500,000.00 rather than $1,000,000.00. Plaintiff now seeks to recover this overpayment from Federal. Defendant has raised insurance policy defenses to American Home's claim, including the fact that American Home agreed to the settlement without first obtaining defendant's consent for the amount offered and that Federal did not receive timely notice of the

Bottoms' claim and was therefore prejudiced.

## II. PLAINTIFF'S EXPERT JEFFREY THOMAS' OPINIONS

Plaintiff's expert is Jeffrey E. Thomas, a professor at the UMKC Law School. His complete opinions are as follows:

> "I have been asked to express an opinion on how the settlement of the Beverly Bottoms and Lloyd Bottoms v. Staples case, No. 104 CC 4456. (the "Bottoms Settlement") should be allocated between the insurance policies issued by American Home Assurance Company ("American Home"), Policy No. 006124311 and the Federal Insurance Company ("Federal"), Policy No. 79765322/15.
>
> In my opinion, according to industry custom and practice, the American Home policy would apply to the first $1,000,000 of the settlement, of which $500,000 would be the responsibility of Staples as the deductible on the policy. The settlement amount beyond $1,000,000 would be covered under the Federal policy."

(*See* Exhibit A).

## III. STANDARD OF REVIEW

Generally, testimony by a qualified expert that bears on "scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue" is admissible under Fed. R. Evid. 702 if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. *Smith v. Cangieter,* 462 F.3d 920 (8th Cir. 2006).

This rule imposes a gatekeeping responsibility on the district court to consider the reliability of the evidence before determining that it is admissible. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 149 (1999). The district court's "gatekeeping" responsibility applies not only to scientific testimony but to technical and other specialized knowledge as well. *Kumho*, 526 U.S. at 141. The touchstone of Fed. R. Evid. 702 is the helpfulness of the expert testimony, i.e. whether it will assist the trier of fact to understand the evidence or to determine a fact in issue. *Nichols v. American National Ins. Co.*,

154 F.3d 875,882 (8th Cir. 1998). Specific subject areas of proposed expert testimony must therefore be examined to ascertain whether each is sufficiently tied to the facts of the particular case, and whether they will be helpful to the trier of fact. *Id.*

### IV. JEFFREY E. THOMAS' PROFFERED EXPERT OPINIONS ARE CONCLUSIONS OF LAW AND THEREFORE INADMISSIBLE.

Jeffrey Thomas' opinions fail to satisfy the standards of Fed. R. of Evid. 702, as interpreted in *Daubert* and *Kumho*, *supra*. Though Mr. Thomas claims to base his opinions on "industry custom and practice," in reality his opinions are nothing more than a lawyer's conclusions about an issue of law, i.e. the interpretation of insurance policies. The interpretation of an insurance policy is an issue of law, not an issue of fact for the jury. *Esicorp, Inc. v. Liberty Mutual Ins. Co.*, 266 F.3d 859, 862 (8th Cir. 2001). Mr. Thomas' legal conclusions, if allowed, would concern the ultimate issue to be decided by the fact finder and would thus determine the outcome of the case. Such opinions are inadmissible. *United States v. Sinclair*, 74 F.3d 573, 757 n.1 (7th Cir. 1996).

Mr. Thomas' expert "opinion" is the simplistic conclusion that plaintiff's primary insurance policy would apply to the settlement first and defendant's excess policy would apply second. Mr. Thomas fails to analyze the relevant provisions in either insurance policy. For example, defendant's policy contains provisions concerning consent to settle and notice of suits. Defendant's position is that plaintiff, as assignee of Staples, Inc., has breached the terms of the insurance contract and is entitled to recover nothing. Mr. Thomas fails to address any of the factual issues surrounding the Beverly Bottoms settlement, such as the communications between the adjusters for plaintiff and defendant or the fact that the American Home adjuster who settled the case did not have defendant's consent to do so for the amount offered. These factual issues, ignored by Mr. Thomas, dictate the application and interpretation of the insurance policies at issue. Mr. Thomas' legal conclusions

3

should be excluded as they attempt to usurp the Court's function. "Experts are supposed to interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient, and it is the judge's duty to inform the jury about the law that is relevant to their deliberations." *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986).

### V. JEFFREY THOMAS IS NOT QUALIFIED UNDER FED. R. EVID. 702 TO RENDER AN EXPERT OPINION.

Further, Mr. Thomas should not be allowed to offer any opinions because he is not qualified as an expert under Fed. R. Evid. 702. Mr. Thomas is a professor at the UMKC Law School. (*See* Exhibit A). According, to his resume, he teaches a variety of courses, including Insurance Law, Torts, Advanced Torts, Economics and the Law, Appellate Advocacy, Civil Procedure and Federal Jurisdiction. As part of the "Basis for Opinion," in his Affidavit, Mr. Thomas states that "Insurance law is one of my primary research interests." He also states that in the course of his career he has attended "numerous professional conferences and [has] reviewed numerous books, articles, studies, papers and other materials related to insurance law. This general understanding provided the backdrop for my analysis of this specific case." *See* Exhibit A.

Defendant does not intend to assail Mr. Thomas or his credentials as a law school professor; however, his position as a professor does not automatically qualify him to offer expert opinions in federal court. Other federal courts have rejected as unqualified law professors who have made similar attempts to testify as experts. "While holding a professorship at a local law school might create an imprimatur of expertise, holding that position does not, by itself, make one an expert in anything." *Cicero v. Borg-Warner Automotive, Inc.*, 163 F. Supp. 2d 743, 748 (E.D. Mich. 2001). The *Circero* court disregarded the Affidavit of the law school professor seeking to testify as an expert. Concerning the law professor's resume, the court was particularly critical of the fact that although the professor was well published, as is Mr. Thomas, there was no indication that any of the articles were peer-reviewed. Mr. Thomas' resume suffers from the same flaw. One of the *Daubert* factors for admissibility of expert testimony is peer-review and publication. 509 U.S. at 592.

4

The district court in *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557. 564 (7th Cir. 2003) ruled that a law professor could not testify as an expert because her proffered testimony was "largely on purely legal matters and made up solely of legal conclusions. . ." Similarly, the district court in *Joseph v. Zurich Life Ins. Co. of America*, 159 Fed. Appx. 114 (11th Cir. 2005), excluded the testimony of an insurance law professor on the grounds that he was not qualified to offer opinions.

Further, Mr. Thomas' opinions are not admissible because they do not meet Rule 702's and *Daubert's* "reliability" requirement. To be admissible, expert testimony must be both relevant and reliable. *Daubert*, 509 U.S. at 589. The court in *Lippe v. Bairnco Corp.*, 288 B.R. 678 (S.D.N.Y. 2003), stated that to be reliable, "expert testimony must be based on sufficient facts or data and it must be the product of reliable principles and methods properly applied." *Id*. at 686. In the present case, Mr. Thomas seeks to testify only on the basis of his experience and his general understanding of the field of insurance law. Indeed, in his "Basis for Opinion" portion of his Affidavit, he states that his opinion is "based on in part on my general understanding of insurance theory, insurance industry custom and practice, and insurance law, and in part on the review of the documents identified below." (*See* Exhibit A). He goes on to state that "my general understanding was developed over the course of my career. . . this general understanding provided the backdrop for my analysis of this specific case." The *Lippe* court rejected as unreliable an expert's similar qualifications and stated as follows: "But an expert basing his opinions solely on experience 'must do more than aver conclusorily that his experience led to his opinion,' and he must do more than 'propound a particular interpretation of [a party's] conduct.' *Primavera Familienstifung v. Askin*, 130 F. Supp. 2d 450, 530 (S.D.N.Y. 2001). Rather, an expert who is relying 'solely . . . on experience must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" Fed. R. Evid 702 advisory committee's note (2000 Amendments)." *Id*. at 686. In the present case, under this standard, Mr. Thomas' opinions are little more than one lawyer's opinion and are inadmissible.

WHEREFORE, for the above-stated reasons, defendant moves for the Order of the Court excluding Jeffrey Thomas' opinions and for such further relief as the Court deems just and

5

appropriate.

>Respectfully submitted,
>
>**FRANKE SCHULTZ & MULLEN, P.C.**
>
>  /s/ John E. Franke
>
>JOHN E. FRANKE                                                    #34908
>
>8900 Ward Parkway
>
>Kansas City, Missouri 64114
>
>Telephone:(816) 421-7100
>
>Facsimile: (816) 421-7915
>
>and
>
>STEVEN W. USDIN
>
>**BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.**
>
>909 Poydras Street, Suite 1800
>
>New Orleans, La. 70112
>
>Telephone: (504) 589-9721
>
>Facsimile: (504) 589-9921
>
>**ATTORNEYS FOR DEFENDANT**
>
>**FEDERAL INSURANCE COMPANY**

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of
the above and foregoing was filed electronically,
with notice sent electronically, this 29th day of March, 2007, to:

Douglas J. Schmidt
Kirsten A. Byrd
Braden M. Perry
Blackwell Sanders Peper Martin, L.L.P.
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
**Attorneys for Plaintiff**


   /s/ John E. Franke
Attorney for Defendant
Federal Insurance Company