# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 06-3237-CV-W-FJG<br>) |
| THE FEDERAL INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

# **ORDER**

Currently pending before the Court is Defendant's Motion to Exclude Plaintiff's Expert Opinion (Doc. No. 39) and Suggestions in Support of Motion (Doc. No. 40), and Defendant's Motion to File Objections to Plaintiff's Expert Out of Time (Doc. No. 48)[1].

**I.     Background**

This case arises out of the payment of the settlement in a state court case, <u>Beverly Bottoms v. Staples, Inc.</u>, filed in Greene County, Missouri in 2001. In that case, Beverly Bottoms sued defendant Staples, Inc. for bodily injury. Both plaintiff and defendant in this case insured Staples, Inc. Plaintiff American Home's policy was the primary insurer and had liability limits of $1,000,000.00 per occurrence with a $500,000.00 deductible.

---

[1]Defendant did not file a separate motion with the Court requesting to file its motion out of time, but defendant made a formal request to file its motion out of time in its reply (Doc. No. 48) to plaintiff's response (Doc. No. 46). Thus, the Court is treating defendant's request in its reply as a separate motion.

Defendant Federal had an excess policy of $50,000,000.00 per occurrence in excess of the underlying coverage. The Beverly Bottoms suit settled for $1,600,000.00, of which plaintiff paid $1,428,000.000 and defendant paid $172,000.00. Plaintiff claims it paid $500,000.00 over its policy limits and that defendant as the excess policy insurer was obligated to pay the $500,000.00 Staples, Inc. assigned to plaintiff all of its rights, title, and interest in Staple's claim, demands, rights, and causes of actions against defendant specifically for plaintiff to recover damages relating to defendant's contractual obligations. (Plaintiff's First Amended Complaint, ¶ 1, Doc. No. 19). Plaintiff sued defendant for breach of contract, equitable subrogation, and unjust enrichment. Plaintiff's expert, a professor from a local law school, provided an opinion as to how the settlement payment should be allocated between the parties and what are the parties' obligations under the contractual provisions. (See Report of Dean Jeffrey E. Thomas, Exhibit A, Doc. No. 39-2). Defendant has objected to plaintiff's use of this expert in its motion to exclude plaintiff's expert opinion (Doc. No. 39).

**II.     Standard of Review**

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as they related to expert testimony. In United States v. Vesey, 338 F.3d 913, 916-17 (8th Cir. 2003), cert. denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to

determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17.

### III. Analysis

#### A. Defendant's Motion to File Objections to Plaintiff's Expert Out of Time (Doc. No. 48).

Per the Court's Scheduling Order (Doc. No. 31), challenges to experts were due by March 18, 2007 and all Daubert motions were due by March 23, 2007. The Scheduling Order specifically states the following:

> Any challenge to the qualifications of a proposed expert, objections to the foundation of expert testimony, or challenge to a 7(e)(1) fact expert must be submitted to the Court on or before March 18, 2007. The objecting party should cite specific reasons for its objection and cite any authority to support that position. Objections not raised by this deadline are waived and may not be raised for the first time at trial. Additionally, any motion to strike proffered expert testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), must be made by March 23, 2007.

Because defendant's motion to exclude plaintiff's expert was filed on March 29, 2007, plaintiff argues the Court should not consider defendant's motion on the merits. Defendant responds that it mistakenly docketed the due date for all objections as March 30, 2007 and that plaintiff failed to show how it was prejudiced by defendant's late filing. The Court agrees with defendant that plaintiff failed to make a showing it was prejudiced by defendant's late filing. While the Court does not take lightly when parties fail to follow the Court's Scheduling Order, the Court must exclude plaintiff's expert because the opinion states inadmissible legal conclusions, which will be discussed more fully

3

below.  The Court hereby **GRANTS** defendant's request to file its motion to exclude plaintiff's expert opinion out of time (Doc. No. 48).

> **B.     Defendant's Motion to Exclude Plaintiff's Expert Opinion (Doc. No. 39).**

Expert opinion is only admissible if it will "assist the trier of fact to understand the evidence or determine a fact in issue." See Fed. R. Evid. 702.  Although such testimony is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact, "a trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be." Williams v. Wal-Mart Stores, Inc., 922 F.2d 1357, 1360 (8th Cir. 1990) (citing Hogan v. AT&T, 812 F.2d 409, 411 (8th Cir. 1987)).

Plaintiff offered the expert opinion of Dean Jeffrey E. Thomas, a professor at University of Missouri-Kansas City School of Law who teaches insurance law and other subjects such as Advanced Torts and Economics. (See Report of Dean Jeffrey E. Thomas, Exhibit A, Doc. No. 39-2).  Plaintiff's expert previously litigated in the area of insurance coverage for five years and published many articles on the topic of insurance law. Id.

Defendant argues: (1) plaintiff's expert opinion provides conclusions of law and is therefore inadmissible and (2) plaintiff's expert is not qualified under Fed. R. Evid. 702 to render an opinion.  Defendant states plaintiff's expert does nothing to assist the trier of fact with the facts of this case, but rather asserts a legal opinion of how the settlement should be paid amongst the parties based on the expert's interpretation of the insurance policy. Defendant also cites to cases which state that simply because an expert is a professor does not automatically render him or her an expert.  See Cicero v. Borg-Warner

Automotive, Inc., 163 F. Supp. 2d 743, 748 (E.D. Mich. 2001) ("[w]hile holding a professorship at a local law school might create an imprimatur of expertise, holding that position does not, by itself, make one an expert in anything."), *rev'd* 78 Fed. Appx. 497, (6th Cir. 2003). In addition, defendant argues plaintiff's expert is inadmissible because he does not meet Daubert's "reliability" requirement given that the expert bases his opinion only on his general understanding of insurance theory, insurance law, and industry custom and practice.

Plaintiff responds defendant's motion is based on misstatements of the record and a misreading of the expert affidavit. Plaintiff argues the expert's opinion is not a legal one but rather the opinion is necessary to explain the use of technical insurance terms in insurance contracts. Plaintiff also states Dean Thomas is more than qualified as an expert under Fed. R. Evid. 702 given his specialty in insurance law and the "myriad of articles" he has published.

Defendant counters plaintiff's expert only uses two insurance terms in his opinion: "deductible" and "self insured retention." Defendant argues plaintiff does not need the expert in order to explain a common insurance term such as "deductible." Additionally, defendant notes the term "self-insured retention" is not even mentioned in the insurance contract and that this case does not turn on the definition of this term.

Upon review of plaintiff's expert opinion, the Court finds the opinion contains numerous legal conclusions determining for the fact finder how the settlement should be allocated between plaintiff and defendant, which is the ultimate issue in this case. In plaintiff's expert opinion, Dean Thomas states various legal conclusions such as: "for a $1,000,000 claim, American Home is to pay $500,000, the amount above the deductible";

5

"[a]s a result, the Federal [defendant] is obligated under its policy to pay for the portion of the Bottoms settlement that exceeds $1,000,000"; and " [i]n my opinion, the policies and the terms and conditions in this case make it clear that Federal [defendant] is obligated for the portion of the Bottoms Settlement that exceeds $1,000,000, the limits of the Home Assurance policy for general liability per occurrence." (See Report of Dean Jeffrey E. Thomas, Exhibit A, Doc. No. 39-2). All of these statements are assertions of legal conclusions which are reserved for this Court to determine. Plaintiff's expert only provided his opinion as to how he thought the settlement should be allocated amongst the parties based on his interpretation of the contractual provisions. See McCabe v. Macaulay, No. C05-73-LRR, 2007 U.S. Dist. LEXIS 14210, at *8 (N.D. Iowa Feb. 26, 2007) (stating that because the trial judge is reserved with the exclusive and distinct province of resolving doubtful questions of law, "federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case"); see also Specht v. Jensen, 853 F.2d 805, 808 (testimony "which articulates and applies the relevant law....circumvents the [fact finder's] decision-making function by telling it how to decide the case"). Further, interpretation of an insurance contract is a question of law. See United States Fidelity & Guarantee Insurance Co. v. Commercial Union Midwest Ins. Co., 430 F.3d 929, 937 (8th Cir. 2005). The Court cannot allow plaintiff's expert to supplement nor substitute the role of this Court.

While plaintiff argues its expert is necessary to explain technical insurance terms and industry custom and practice to assist the trier of fact, the Court finds plaintiff's argument unconvincing. Plaintiff's expert opinion is replete with legal conclusions and is

6

short on defining technical terms and explaining industry custom and practice. In fact, the Court could only find two references to insurance terms in the entire four-page opinion. Plaintiff's expert only discussed the terms "deductible" and "self-insured retention." "Deductible" is a common term that hardly needs any elaboration, if at all. "Where the subject matter is within the knowledge or experience of lay people, expert testimony is superfluous." Pelster v. Ray, 987 F.2d 514, 526 (8th Cir. 1993)(quoting Ellis v. Miller Oil Purchasing Co., 738 F.2d 269, 270 (8th Cir. 1984)). Although "self-insured retention" is not a common term, plaintiff's expert even admits that the terms "deductible" and "self-insured retention" are used interchangeably within the industry.

The Court recognizes that expert testimony as to industry custom and practice may assist the trier of fact. However, plaintiff's expert only mentions industry custom and practice in three sentences in his opinion. If plaintiff's expert opinion were simply reduced to defining technical terms and explaining industry custom and practice, plaintiff's expert opinion would amount to one short paragraph at best.

Because the Court excludes plaintiff's expert on the grounds that the opinion contains inadmissible legal conclusions, the Court does not address whether plaintiff's expert qualifies as an expert under Fed. R. Evid. 702. Accordingly, the Court hereby **GRANTS** defendant's motion to exclude plaintiff's expert (Doc. No. 39).

**IV.     Conclusion**

For the foregoing reasons, Defendant's Motion to Exclude Plaintiff's Expert Opinion (Doc. No. 39) is **GRANTED** and Defendant's Motion to File Objections to Plaintiff's Expert Out of Time (Doc. No. 48) is **GRANTED**.


Date:  5/15/07            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
                          Chief United States District Judge